# Daly, Appellant, v. Copeland.

*Contract—Incomplete performance—Failure of consideration—Evidence.*

In an action to recover the contract price of setting and cleaning stone work it appeared that plaintiffs made the defendants the following offer: "In reference to the Woodbury Trust Company's building and additions to the bank building at Woodbury, N. J., we propose to set, clean, etc." The acceptance, also in writing, was as follows: "We accept your estimate of July 22, 1915, for Trust Co. and Bank Bldg., Woodbury, for the sum of." The defendants claimed that the plaintiffs had not cleaned the bank building, and that the cost of this work was in excess of $100. Evidence was admitted which tended to show that in addition to

the trust company's building there was a bank building and an extension of it in the rear, and that the stone work was not cleaned on the old bank building. The court in trying the case without a jury allowed the defendants' claim of $100. *Held*, that the judgment should be affirmed.

Where a contract is entire and there has been a substantial, although not a complete performance, a plaintiff may be permitted to recover, due allowance being made to the other party for the cost or value of the work not done.

Argued Dec. 15, 1916. Appeal, No. 306, Oct. T., 1916, by plaintiffs, from judgment of Municipal Court, Philadelphia Co., May T., 1916, No. 203, for plaintiff, on case tried by the court without a jury in suit of Dennis A. Daly, Frederick Wielandt and Charles Wade, trading as Daly Wielandt & Co. v. Hugh Copeland, Jr., and Samuel W. Copeland, trading as Hugh Copeland & Sons. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit for work done. Before BONNIWELL, J., without a jury.

At the trial it appeared that the work was done under a contract in writing. Plaintiff's offer was as follows:

"In reference to the Woodbury Trust Company's Building and additions to the bank building at Woodbury, N. J., we propose to set, clean, and point all exterior limestone on the aforementioned building, as per plans furnished by you and to the satisfaction of the architect, also supply all cement, mortar, and anchors for the sum of fourteen hundred dollars."

Defendants acceptance was as follows:

"We accept your estimate of July 22, 1915, for Trust Co. and Bank Bldg.—Woodbury—for sum of fourteen hundred dollars (1400-00)."

Defendants claimed that the plaintiffs had not cleaned the bank building, and that the cost of this work was in excess of $100. One of the defendants testified as follows:

A.—They cleaned the Woodbury Trust Company building.

Q.—Did they clean the old building?

A.—They did not.

Q.—What was the old building?

A.—It is a bank building; they are using it now and there was an extension to the rear, and a new trust company building was built adjoining it on Broad street.

Q.—And the bank building is the bank concerning which they wrote in the letter of July 22d?

A.—Yes, sir.

Plaintiffs maintained that the old bank building was not within the terms of the contract.

BONNIWELL, J., found as follows:

The plaintiffs' contract provided for the pointing and cleaning of the stonework at Woodbury, which was not done, and it was admitted that the fair price for doing the same was $100.

The court, therefore, finds for the plaintiffs in the sum of $242.70.

Plaintiffs appealed.

*Error assigned* was in allowing defendants' claim of $100.

*Michael Barnett,* with him *E. P. Gallagher,* for appellants.

*Hubert J. Horan, Jr.,* with him *Clinton Rogers Woodruff* and *James Fitzpatrick,* for appellees.

OPINION BY HEAD, J., July 13, 1917:

An examination of the record presented by this appeal discloses no reversible error.    It is true the contract out of which the litigation arose is in writing.    It consisted of an offer on the part of the plaintiffs to do certain work, to wit: "In reference to the Woodbury Trust Company's building and additions to the bank building at Wood-

bury, N. J., we propose to set, clean, etc." The acceptance, also in writing, is as follows: "We accept your estimate of July 22, 1915, for Trust Co. and Bank bldg., Woodbury, for the sum of."

If we consider only the language of the offer, there would be ground for plaintiffs' claim that the contract did not embrace the bank building. If we look only at the language of the acceptance, it is clear the bank building was within its terms. It must be reasonably apparent therefore that the writings prepared by the parties created some ambiguity as to the subject-matter concerning which they contracted. Under such circumstances parol evidence has always been admissible to identify the real subject-matter of the contract so that its terms could be properly applied to that subject-matter. On the other hand, if the plaintiffs argue there is no ambiguity as to the subject-matter, it must be because the terms used to describe it in the proposition and in the acceptance are identical. In that event plaintiffs could not escape the effect of the terms of description contained in the acceptance and then it would be clear the bank building was included within its terms.

Strictly speaking there was no set-off in the case. The defendants undertook to show there had been a partial failure of consideration. Evidence for that purpose has always been admissible even in the case of sealed instruments. Where a contract is entire and there has been a substantial, although not a complete performance, a plaintiff may be permitted to recover, due allowance being made to the other party for the cost or value of the work not done. It is unnecessary to discuss the case further. The assignments of error are overruled.

Judgment affirmed.